AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  20- 6544-HUNT |
| CHEVELLE ROMAE CORNWALL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 20, 2020 _____ in the county of _____ Broward _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§952 and 960(b)(3) | Did knowingly and intentionally import into the United States a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine. |
| 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) | Did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*by telephone*

CHRISTINA M FEO

Digitally signed by CHRISTINA M FEO
Date: 2020.10.21 10:51:02 -04'00'

_____
*Complainant's signature*

Christina Feo, Special Agent, HSI
_____
*Printed name and title*

Sworn to before me and signed in my presence

Date: _____ 10/21/2020 _____

_____
*Judge's signature*

Patrick M. Hunt, U.S. Magistrate Judge
_____
*Printed name and title*

City and state: _____ Fort Lauderdale, Florida _____

## AFFIDAVIT

I, Christina Feo, being duly sworn over the telephone, hereby depose and state:

1.    I am a Special Agent with U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") in Fort Lauderdale, Florida, and have been so employed with HSI since May 26, 2019. Prior to my current assignment with HSI, I was a federal United States Probation Officer with the Southern District of New York (2011 through 2014) and the Southern District of Florida (2014 through 2019). Prior thereto, I obtained my Juris Doctorate degree in 2006 and practiced law in the state of New York until 2011. During my tenure with HSI, I received extensive training and was assigned to assist in conducting investigations of criminal violations of the United States Code, concerning illegal drug trafficking, importation of narcotics into the United States and criminal violations of immigration laws. Furthermore, I am trained and experienced in the methods drug traffickers use to import, conceal, process, package, warehouse and distribute controlled substances.

2.    The information contained in this affidavit is based on my personal knowledge, as well as information relayed to me by other law enforcement agents involved in this investigation. The information set forth in this affidavit is provided solely for the purpose of establishing probable cause for the arrest of Chevelle Romae CORNWALL ("CORNWALL") for violations of Title 21, United States Code, Sections 952 and 841. As such, it does not include all of the information known to me about this investigation. However, no information known to me that would tend to negate probable cause has been withheld from

1

this Affidavit.

3.    On October 20, 2020, I responded to the Fort Lauderdale International Airport ("FLL") in response to results of a secondary inspection of a passenger from Jet Blue flight #2026 (B6-2026) from Montego Bay, Jamaica.  After an alert by a canine patrol, Customs and Border Protection Officers (Officers) conducted a secondary inspection of passenger CORNWALL and her belongings.  Passenger CORNWALL had three suitcases: two empty suitcases (a smaller suitcase packed inside a larger suitcase) and a third suitcase which appeared to contain her belongings.  During the inspection, CORNWALL indicated that all the suitcases belonged to her and she had presented them for inspection. The officers x-rayed all three suitcases.  Officers noticed an unusual density in the rails (the metal bars that retract and extend from the suitcase which allow it to be pulled) of two of CORNWALL's suitcases; which are normally hollow.  Officers also noted they were unable to extend the suitcase handles on the larger suitcase.  Officers probed the rails and discovered that they contained a white powdery substance, which field tested positive for the presence of cocaine.  The aggregate weight of the cocaine-- including the rails -- is 1.648 kilograms.  The exact weight of the cocaine will be determined after the extraction from the rails, during analysis by the Drug Enforcement Administration ("DEA") Southeast Regional Laboratory.  Based on the training and expertise of SA Feo and other Officers, and our observations in other cases, I believe that the weight of the cocaine will exceed 500 grams when it is extracted from the rails.

4.    CORNWALL was read her *Miranda* rights by SA Feo. CORNWALL stated that she understood her rights and waived them in writing. SA Feo asked CORNWALL what she

2

was supposed to do with the two suitcases which contained the suspected controlled substance, and she stated that once she arrived in the United States she was supposed to receive a call from family members of someone she only knows as "LEE" and give them the suitcases. Upon a border search review of CORNWALL's cellular phone, officers discovered CORNWALL had a contact stored in her cell phone under the name LEE with a (876) area code. More importantly, when CORNWALL was escorted to secondary inspection by CBP officers (during the X-ray of her suitcases), officers observed CORNWALL delete messages from her cellular phone. When inquiries were made, CORNWALL admitted to SA Feo, during the interview, that "LEE," had directed her to delete his messages, upon entry into the U.S.

5.    CORNWALL stated that LEE came to her home in Kingston, Jamaica on October 20, 2020 at approximately 8:00 am, before her flight to the United States. Your affiant notes that defendant's flight, Jet Blue Flight #2026, was scheduled to depart at 9:45 am. CORNWALL stated that LEE delivered two suitcases to her residence (which had cocaine concealed within the rails) and instructed CORNWALL to transport both suitcases to the U.S. CORNWALL stated that in exchange for smuggling the two suitcases into the United States, she would be compensated for her flight, and any hotel expenditures. CORNWALL denied knowledge of the cocaine concealed within the railings of the suitcases.

6.    Based upon the foregoing, your Affiant submits there is probable cause to believe that CORNWALL did knowingly and willfully possess with the intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a), and did knowingly and willfully attempt to import cocaine into the United Stated, in violation of Title 21, United States

3

Code, Section 952.

FURTHER YOUR AFFIANT SAYETH NAUGHT

**CHRISTINA M FEO**

Digitally signed by CHRISTINA M FEO
Date: 2020.10.21 10:55:40 -04'00'

CHRISTINA M. FEO, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this
21st day of October, 2020,

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

4